**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

**No. 00-20339
Summary Calendar**
_____


**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**OSCAR HERNAN-ARROYO, also known as
Oscar Hernan-Mora, also known as
Oscar Arroyo, also known as
Oscar Arroyo Mora,**

**Defendant-Appellant.**

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-99-CR-579-1
--------------------
September 20, 2001

Before JONES, SMITH, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Oscar Hernan-Arroyo ("Hernan") pleaded guilty to
conspiracy, three counts of transferring false social security
cards, one count of knowingly possessing a counterfeit alien-
registration card, and two counts of being present in the United
States, without consent from the Attorney General, following
deportation. He was sentenced to 78 months' imprisonment and
appeals his sentence. Hernan asserts that the district court erred
in declining to grant him a reduction pursuant to U.S.S.G.

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this
opinion should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

§3E1.1(a) and (b). Interpreting defense counsel's comments during the sentencing hearing liberally, we believe he preserved this issue for appeal. Based on the deference afforded sentencing courts in determining a defendant's acceptance of responsibility, however, the district court did not err by finding that Hernan's statements were insufficient to warrant a reduction for acceptance of responsibility. United States v. Cano-Guel, 167 F.3d 900, 906 (5th Cir. 1999).

Hernan also contends that a prior felony conviction that resulted in his increased sentence under 8 U.S.C. § 1326(b)(2) was an element of the offense that should have been charged in the indictment. Hernan acknowledges that his argument is foreclosed by the Supreme Court's decision in Almendarez-Torres v. United States, 523 U.S. 224 (1998), but he seeks to preserve the issue for Supreme Court review in light of the decision in Apprendi v. New Jersey, 530 U.S. 466 (2000).

Apprendi did not overrule Almendarez-Torres. See Apprendi, 530 U.S. at 489-90; United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000), cert. denied, 121 S.Ct. 1214 (2001). Hernan's argument is foreclosed.

The judgment of the district court is **AFFIRMED**.